**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LEEANN O'BIER,

                Plaintiff,

                                                    Case No. 3:11-cv-460-J-JRK

vs.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

                Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I. Status**

Leeann O'Bier ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Her alleged inability to work is due to "[c]hronic back pain, leg problems, [and] depression," Transcript of Administrative Proceedings (Doc. No. 19; "Tr." or "record"), filed September 16, 2011, at 74, but only her alleged depression is at issue in this appeal. On February 4, 2004, Plaintiff filed applications for DIB and SSI, alleging an onset disability date of October 31, 1996. Tr. at 64-67, 269-71. Plaintiff's claims were denied initially, Tr. at 23, 26-29, 272-76, and denied upon reconsideration, Tr. at 24, 31-32, 277-81. On March 22, 2006, a hearing was held before an Administrative Law Judge ("ALJ"), during which Plaintiff and a vocational expert ("VE") testified. Tr. at 289-321. The ALJ issued an unfavorable Decision on May 12, 2006. Tr. at 15-22. The Appeals Council

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 21), filed September 20, 2011; Order of Reference (Doc. No. 22), entered September 21, 2011.

accepted some additional medical evidence, Tr. at 8, but denied Plaintiff's request for review, Tr. at 5-7, making the ALJ's Decision the final decision of the Commissioner.

On April 24, 2007, Plaintiff initiated an action in this Court under 42 U.S.C. §§ 405(g) and 1383(c)(3) appealing the Commissioner's final decision. See Complaint (Doc. No. 1), O'Bier v. Astrue, No. 3:07-cv-340-J-34TEM (M.D. Fla.) ("O'Bier I"), filed April 24, 2007. This Court affirmed the Commissioner's final decision. See Report and Recommendation (Doc. No. 19), O'Bier I, entered July 7, 2008; Order adopting Report and Recommendation (Doc. No. 24), O'Bier I, entered September 22, 2008; Judgment (Doc. No. 25), O'Bier I, entered September 23, 2008. Plaintiff appealed to the United States Court of Appeals for the Eleventh Circuit. See Notice of Appeal (Doc. No. 26), O'Bier I, filed November 12, 2008.

On appeal, Plaintiff argued "that the [ALJ] erred by making a determination, at step two of the five-step analysis used to determine disability benefits, that her depression was not severe." Tr. at 340. The Eleventh Circuit observed the following:

> The ALJ did not make an adverse credibility finding with regard to [Plaintiff]'s testimony about her depression. Therefore, we must accept that part of her testimony as true. [Plaintiff]'s testimony, combined with some of the medical evidence in the record, contradicts the ALJ's finding that [Plaintiff]'s depression was not a severe impairment. Because the ALJ in this case did not provide sufficient elaboration with regard to how he made his findings about [Plaintiff]'s depression, we are unable to properly exercise our role as a reviewing court in evaluating [Plaintiff]'s claims.

Tr. at 342-43. As a result, the Eleventh Circuit vacated this Court's decision and remanded the matter with instructions that the Court vacate the Commissioner's final decision and remand the case for further development of the record. Tr. at 343. This Court then remanded the matter to the Commissioner in accordance with the Eleventh Circuit's instructions. See Tr. at 348-49.

Upon remand, the Appeals Council entered an Order on September 14, 2009 remanding the matter to the ALJ for further proceedings. Tr. at 352. The ALJ held another hearing on February 10, 2010. Tr. at 515-25. At the February 10, 2010 hearing, the ALJ was concerned that the record did not include any evidence relating to Plaintiff's depression for the "last couple of years" prior to the hearing. Tr. at 521. Accordingly, the ALJ ordered a psychological consultative examination and continued the hearing. Tr. at 523-24. The hearing reconvened on July 21, 2010. Tr. at 526-35. During the July 21, 2010 hearing, the ALJ pointed out inconsistencies on the forms that had been completed by the examiner following the consultative examination. Tr. at 529-32. Because of the inconsistencies, the ALJ decided to order another psychological consultative examination with a different psychiatrist. Tr. at 532, 534-35. A final hearing was held on January 7, 2011, during which Plaintiff testified. Tr. at 536-50. On February 25, 2011, the ALJ issued an unfavorable Decision. Tr. at 325-36. From that Decision, Plaintiff now appeals to this Court. See Complaint (Doc. No. 1), filed May 10, 2011. The undersigned held oral argument on August 17, 2012, the record of which is incorporated herein. See Minute Entry (Doc. No. 29).

Plaintiff argues the ALJ erred in two ways. Plaintiff's Memorandum of Law in Opposition to the Commissioner's Decision Denying Plaintiff Disability Insurance Benefits (Doc. No. 26; "Pl.'s Mem."), filed November 23, 2011, at 1, 9 (capitalization, emphasis, and citation omitted). First, Plaintiff argues the ALJ's determination at step two of the sequential inquiry that Plaintiff's depression is not severe is not supported by substantial evidence. Id. Second, she argues the ALJ should not have found "mild d[y]sfunction" on the psychiatric assessment as a result of the depression. Id. at 19. Plaintiff posits that as a result of the ALJ finding mild dysfunction, he did not include any limitations from depression in the later

steps of the sequential evaluation. Id. at 10. Plaintiff argues that because the ALJ did not account for the depression in later steps, "the [s]tep [t]wo error was not harmless." Id. at 19. Defendant argues that substantial evidence supports the step two finding that Plaintiff's depression is not a severe impairment. Memorandum in Support of the Commissioner's Decision (Doc. No. 27), filed January 20, 2012, at 6-18. Upon review of the record and the parties' respective memoranda, as well as consideration of oral argument, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry, but because the ALJ found Plaintiff is capable of performing past relevant work, the ALJ was not required to, nor did he, proceed to step five. See Tr. at 327-36. At step one, the ALJ determined Plaintiff "has not

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

engaged in substantial gainful activity since October 31, 1996, the alleged onset date." Tr. at 327 (emphasis and citation omitted).  At step two, the ALJ ascertained Plaintiff suffers from "the following severe impairments: chronic back pain and chronic hip/leg pain and numbness with some osteoarthritis, status post motor vehicle accident in 1995." Tr. at 328 (emphasis and citation omitted).  After making the "severe" findings, the ALJ specifically found Plaintiff's "mild situational depression secondary to her chronic pain" is not severe, and he provided detailed reasoning for that finding, Tr. at 328, which is discussed below. The ALJ then found at step three that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. at 331 (emphasis and citation omitted).  The ALJ determined Plaintiff has the following residual functional capacity ("RFC"):

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [Plaintiff] can lift and carry fifteen pounds occasionally, ten pounds frequently. She requires the freedom to either stretch for 1 to 2 minutes or work for a few minutes in a standing position.  [Plaintiff] can occasionally stoop or bend.  She is restricted from climbing, crawling, and kneeling. [Plaintiff] can sit 6 hours in an 8-hour workday, 30 minutes without interruption and stand or walk 4 hours in an 8-hour workday, 20 minutes without interruption.

Tr. at 331 (emphasis omitted).  Then, at step four, the ALJ determined Plaintiff "is capable of performing past relevant work as a personnel clerk . . . and payroll clerk . . . , semi-skilled jobs performed at the sedentary level of exertion."  Tr. at 335 (emphasis and citation omitted).  Therefore, the ALJ concluded Plaintiff was not disabled from the alleged onset date through the date of the Decision.  Tr. at 336.

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions

of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As previously stated, Plaintiff raises two issues on appeal. The first is whether the ALJ erred at step two by declining to find that Plaintiff's depression is a severe impairment. Pl.'s Mem. at 1, 9. The second is whether the ALJ erred by finding only mild limitations from the depression and thereby declining to consider its effects at later stages of the sequential evaluation. Id. at 1, 9, 10, 19. The issues are related and are discussed together.

Step two of the sequential evaluation process requires the ALJ to determine if a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment. See id. A claimant has the burden of proving that her allegations of depression and other mental health issues constitute severe impairments. See Bowen, 482 U.S. at 146 n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments"); see also Nigro v. Astrue, No. 8:06-cv-2134-T-MAP, 2008 WL 360654, at *3 (M.D. Fla. Feb. 8, 2008) (unpublished) (finding a plaintiff "failed to meet her burden of showing that depression or anxiety were severe impairments"). Further, "[t]he severe impairment either must have lasted or must be expected to last for at least 12 months." Davis v. Barnhart, 186 F. App'x 965, 967 (11th Cir. 2006) (unpublished) (citing Barnhart v. Walton, 535 U.S. 212, 216 (2002)).

A severe impairment interferes with a claimant's ability to perform "basic work activities." See Bowen, 482 U.S. at 141. The Code of Federal Regulations provides six examples of "basic work activities": (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing,

-7-

and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and unusual work situations; and (6) Dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b); see also Davis, 186 F. App'x at 966-67.

With regard to mental limitations, an ALJ is required to rate degrees of limitation in four broad functional areas: "Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 404.1520a(c)(3). The Regulations provide, "If we rate the degree of your limitation in the first three functional areas as 'none' or 'mild' and 'none' in the fourth area, we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities." 20 C.F.R. § 404.1520a(d)(1); see also 20 C.F.R. § 404.1521.

In an apparent effort to satisfy the remand instructions, the ALJ sufficiently elaborated on his finding at step two that Plaintiff's depression is non-severe. See Tr. at 328-30. First, the ALJ summarized the opinions of the two examining psychiatrists who were ordered by the ALJ after the case had been remanded to conduct psychological examinations. The ALJ found that first examining psychiatrist, Umesh M. Mhatre, M.D. ("Dr. Mhatre"), rendered inconsistent opinions in two forms he completed regarding the effects of Plaintiff's depression. Tr. at 328; see also Tr. at 335. The ALJ found that the opinion of the second examining psychiatrist, Edwardo A. Sanchez, M.D. ("Dr. Sanchez"), "clearly reveals that [Plaintiff] is not as limited as Dr. Mhatre opined." Tr. at 329. The ALJ afforded Dr. Sanchez' opinion "substantial weight . . . , as it appears to be well supported by the medical and other evidence of record." Tr. at 335.

The ALJ then found that Plaintiff's testimony about her alleged depression was "only partially credible[.]" Tr. at 329.  The ALJ provided three general reasons for discounting Plaintiff's testimony: (1) her conflicting stories regarding substance abuse; (2) her activities of daily living are inconsistent with her testimony; and (3) she can withstand "long haul trucking activities that are clearly inconsistent with her allegations of sitting limitations." Tr. at 329.  Plaintiff does not quarrel with the credibility finding.

As far as the four broad functional areas for evaluating mental disorders, the ALJ found as follows.  Plaintiff has mild limitation in activities of daily living; Plaintiff has mild limitation in social functioning; Plaintiff has mild limitation in concentration, persistence, or pace; and Plaintiff has experienced no episodes of decompensation of extended duration.  Tr. at 329-30.

The ALJ concluded that Plaintiff's depression is non-severe, "[b]ecause [Plaintiff]'s medically determinable mental impairment causes no more than 'mild' limitation in any of the first three functional areas and 'no' episodes of decompensation which have been of extended duration in the fourth area[.]" Tr. at 330.  The ALJ recognized that these "criteria are not a [RFC] assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process." Tr. at 330.  Then, the ALJ determined Plaintiff's RFC.  Tr. at 331.  The ALJ specifically stated that the RFC assessment "reflects the degree of limitation [that the ALJ] found in the . . . mental function analysis." Tr. at 330.  The ALJ elected not to include any limitations from depression in the RFC, stating Plaintiff "has no mental limitations in her [RFC]." Tr. at 335.

The ALJ's finding that Dr. Mhatre's opinions are inconsistent is supported by substantial evidence.  On the April 16, 2010 form that Dr. Mhatre completed, he opined

-9-

there are no restrictions in three work tasks or functions, mild restrictions in three work tasks or functions, and moderate restrictions in four work tasks or functions. Tr. at 455-57. Yet, on the June 3, 2010 form Dr. Mhatre completed, he opined there are mostly moderate and marked restrictions regarding work tasks or functions. Tr. at 492-94. Because substantial evidence supports the ALJ's findings that the opinions are inconsistent, the ALJ properly rejected them. The remaining examining psychologist, Dr. Sanchez, opined Plaintiff has no limitations as a result of her depression. Tr. at 498-99. The ALJ's decision to give this opinion substantial weight is supported by substantial evidence: although the record contains documentation of Plaintiff's depression, it hardly contains any indication–other than Plaintiff's discredited testimony and Dr. Mhatre's discredited opinions–that the depression would affect Plaintiff's ability to work. See, e.g., Tr. at 179, 216, 223-36, 240, 241, 245-48, 249-61, 433.

Further, the ALJ gave Plaintiff the benefit of the doubt by assigning Plaintiff "mild" limitations in the first three areas, when Dr. Sanchez assigned no limitations. The findings in Plaintiff's case fall within the guidelines set forth in § 404.1520a(d)(1): because the ALJ found mild limitations, he properly found the impairment was not severe. Similar or even more substantial functional limitations as determined by an ALJ and state evaluators in other cases have failed to support a determination that a claimant's mental impairment was severe. See, e.g., Pettaway v. Astrue, No. 06-00880-WS-B, 2008 WL 1836738, at *16-17 (S.D. Ala. Apr. 21, 2008) (unpublished) (affirming the ALJ's finding that the claimant's impairment was not severe when difficulties with concentration, persistence, or pace were classified as "moderate" rather than "mild"); Ward v. Astrue, No. 3:00-cv-1137-J-HTS, 2008 WL 1994978, at *2-3 (M.D. Fla. May 8, 2008) (unpublished) (all mild restrictions). Thus,

substantial evidence supports the ALJ's determination that Plaintiff's depression produces "mild" limitations in the first three functional areas and no episodes of decompensation of extended duration; as such, a finding that the depression is not severe is permissible under § 404.1520a(d)(1).

Notwithstanding the finding that the depression is not severe, in assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Hickler, 734 F.2d 519, 525 (11th Cir. 1984)).  It appears the ALJ relied on Dr. Sanchez' determination that the depression does not limit Plaintiff's functioning, and on the medical evidence in the record, to determine that Plaintiff does not have any mental functioning limitations.  Contrary to Plaintiff's contention, it is clear that the ALJ took into account Plaintiff's depression when assessing her RFC because the ALJ made the specific finding that there were "no mental limitations" in Plaintiff's RFC. Tr. at 335.  That finding is supported by substantial evidence in the record.

## V. Conclusion

After a thorough review of the record, the undersigned is convinced the Commissioner's final decision is supported by substantial evidence. In accordance with the foregoing, it is hereby

**ORDERED**:

1.	The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to § 1383(c)(3) **AFFIRMING** the Commissioner's decision.

2.	The Clerk of Court is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on September 24, 2012.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record